**FILED**

JUL - 3 2014

**Clerk, U.S. District and Bankruptcy Courts**

**O+Z** Oppenheim + Zebrak, LLP

Matthew J. Oppenheim
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
202.450.3958 | 866.766.1678 (fax)
Matt@oandzlaw.com

July 2, 2014

*Via Hand Delivery*

Clerk's Office
US District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

Case: 1:14-mc-00679
Assigned To : Unassigned
Assign. Date : 7/3/2014
Description: Miscellaneous

Re:   **Application for DMCA Subpoenas**

Dear Sir or Madam:

On behalf of my client, The Software and Information Industry Association, (hereinafter "SIIA"), I respectfully request that the Clerk issue a subpoena pursuant to 17 U.S.C. § 512(h).

By way of background, Section 512(h) of the Digital Millennium Copyright Act provides that a "copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States District Court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection." 17 U.S.C. §512(h)(1). For a subpoena to be issued, Section 512(h) requires that a copyright owner file the following with the Clerk:

1.   A copy of the notification required by Section 512(c)(3)(A);

2.   A proposed subpoena; and

3.   A sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

Accordingly, attached for filing with the Clerk is SIIA's notification pursuant to Section 512(c)(3)(A), please find a proposed subpoena, notice to eBay, Inc., and



RECEIVED
Mail Room

JUL - 3 2014

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Letter to Clerk's Office
July 2, 2014
Page 2 of 2

a sworn declaration.  As SIIA has complied with the requirements of the statute, they ask that the Clerk expeditiously issue and sign the proposed subpoena and return it to undersigned counsel.

Thank you for your cooperation and prompt response in this matter.  If you have any questions, I am reachable as noted above.

Sincerely,

Matthew Oppenheim

**FILED**

JUL -3 2014

Clerk, U.S. District and
Bankruptcy Courts

**O+Z** Oppenheim
+ Zebrak, LLP

Matthew J. Oppenheim
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
202.450.3758 | 866.766.1678 (fax)
scott@oandzlaw.com

July 2, 2014

***By Federal Express and Email***

Dimitar Slavov
eCRATER Marketplace
105 Alberti Aisle
Irvine, CA 92614
dmca@ecrater.com

14-mc-679
(UNA)

Re:   **DMCA - Notice of Infringements**

Dear Mr. Slavov:

We represent the Software and Information Industry Association (hereinafter, "SIIA")
and its member companies. We provide this notice pursuant to the Section 512 of Title 17 of the
U.S. Code (as enacted by the "Online Copyright Infringement Liability Limitation Act") to
request that you immediately take action with respect to infringements occurring on eCrater.com
by the sellers described on the attached Exhibit A. This notice is being provided to you as the
party responsible for hosting the users' respective storefronts.

Based on the information at our disposal, we have a good faith belief that the use of the
copyrighted materials offered on the infringing webpages is not authorized by the copyright
owners, their agents, or the law. The unauthorized copies are identified by their titles or
variations thereof. Such copies, titles, listings, references, descriptions, depictions, and material
that are the subject of infringing activities are hereinafter referred to as "Infringing Material."

Given the infringing activity, we urge you to cooperate with our efforts to protect our
client's intellectual property rights and immediately do the following:

1. Immediately take steps to remove or disable access to all of the Infringing Materials;

2. Notify any seller who may have participated in reproducing or distributing the Infringing
   Material that their conduct was illegal and could be subject to enforcement; and



3.  Take appropriate action against any responsible seller under your Abuse Policy/Terms of Service Agreement, including termination of repeat offenders under Section 512(i) of Title 17 of the U.S. Code.

I swear, under penalty of perjury, that the information in this notification is accurate and that I am an agent authorized to act on behalf of the copyright owners whose exclusive copyright rights I believe to have been infringed as described herein.  By providing this notice, SIIA is not waiving its right to engage in other enforcement activities, and reserve all rights to do so at any time.

You or the account holder may contact me at the above-listed contact details.

Thank you for your cooperation and prompt response in this matter.

Sincerely,

Matthew J. Oppenheim

Attachment

**EXHIBIT A**

| SELLER | URL | COPYRIGHT HOLDER | CR Registration |
|---|---|---|---|
| stableprofit | www.ecrater.com/p/19456245/century-21-accounting-multicolumn-journal-10th | Cengage Learning | TX 7-676-572 |
| digibook | www.ecrater.com/p/19421908/essentials-of--business-communication-9th-edition?keywords=ebook | Cengage Learning | TX 7-508-523 |

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| In re DMCA Subpoena to | ) | |
| _____ | ) | |
| *Plaintiff* | ) | Civil Action No.  14-mc-679 |
| v. | ) | (UNA) |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        eCrater Marketplace

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All identifying information for the operators of the user names identified on Exhibit A attached hereto, from any and all sources, including but not limited to billing and administrative records, providing the name(s), address (es), phone number(s), email address(es), and any other electronic or physical names and addresses.

| Place: Oppenheim + Zebrak, LLP<br>4400 Jenifer Street, NW, STE 250<br>Washington, DC 20015 | Date and Time:<br><br>07/18/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/7/2014__

ANGELA D. CAESAR
*CLERK OF COURT*

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __SIIA and__
__its member companies_____, who issues or requests this subpoena, are:

Matthew J. Oppenheim; Oppenheim + Zebrak, LLP; 4400 Jenifer Street, NW, STE 250, Washington, DC 20015
202 450 3958; matt@oandzlaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

.

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

| SELLER | URL | COPYRIGHT HOLDER | CR Registration |
|--------|-----|------------------|-----------------|
| stableprofit | www.ecrater.com/p/19456245/century-21-accounting-multicolumn-journal-10th | Cengage Learning | TX 7-676-572 |
| digibook | www.ecrater.com/p/19421908/essentials-of--business-communication-9th-edition?keywords=ebook | Cengage Learning | TX 7-508-523 |

JUL -3 2014

Clerk, U.S. District and
Bankruptcy Courts

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**IN RE: DMCA SUBPOENA**                    )
**To eCrater Marketplace**                   )

MC 14-679
(UNA)

### DECLARATION OF MATTHEW J. OPPENHEIM

I, Matthew J. Oppenheim, declare and testify as follows:

1. I am a member of Oppenheim + Zebrak, LLP and am admitted to practice law in the District

of Columbia, among other jurisdictions. I represent Software & Information Industry

Association ("SIIA").


2. On behalf of the client(s) described above, I am seeking a subpoena pursuant to 17 U.S.C.

§512(h) to identify the persons infringing SIIA's members' copyrighted works as identified on the

attachment to this declaration.


3. The purpose for which the subpoena is sought is to obtain the identity of alleged infringers

and the information obtained therefrom will only be used for the purpose of protecting rights

under 17 U.S.C. §101, et seq.


I declare under penalty of perjury, under the laws of the United States of America, that

the foregoing is true and correct.

Executed on July 2, 2014 in Washington, DC.

Matthew J. Oppenheim, DC Bar # 443698